IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| CHEROKEE WADELTON, Independent Administrator of the Estate of CHEVY R. WADELTON, Deceased,<br><br>*Plaintiff*,<br><br>v.<br><br>WHITESIDE COUNTY and JOHN BOOKER,<br><br>*Defendants*. | No. 3:23-cv-50104<br><br>HON. IAIN D. JOHNSTON |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Cherokee Wadelton's brother, Chevy Wadelton, died by suicide while in custody at the Whiteside County Jail. As the administrator of Mr. Wadelton's estate, Ms. Wadelton brings this action against Defendants Whiteside County and Whiteside County Sheriff John Booker. Before the Court is Defendants' motion for judgment on the pleadings. For the following reasons, the motion is denied.

**LEGAL STANDARD**

When challenging the sufficiency of a complaint, a motion for judgment on the pleadings under Rule 12(c) is governed by the same standard for a motion to dismiss under Rule 12(b)(6). *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). The only difference is timing—a Rule 12(c) motion is filed after the answer and affirmative defenses are filed. *Id.* The court views the complaint's allegations and reasonable inferences in favor of the nonmovant to decide whether the complaint states a claim that is plausible on its face. *Id.*; *Vinson v. Vermilion*

1

*County*, 776 F.3d 924, 928 (7th Cir. 2015). The moving party bears the burden of establishing the insufficiency of the plaintiff's allegations. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

## BACKGROUND[1]

Mr. Wadelton was taken into protective custody on March 22, 2022, and then admitted to the Whiteside County Jail. Dkt. 46 at 7. After a medical consultation, he was placed on suicide watch. *Id.* at 8. At around 1:28 AM on March 25, he was discovered unresponsive in his cell and pronounced dead. *Id.* at 9. According to the Whiteside County coroner's certification of death, Mr. Wadelton died by hanging himself. *Id.*

## ANALYSIS

Defendants move to dismiss Count III of the complaint, which raises a claim under the Illinois Survival Act based on "willful and wanton conduct." The Survival Act doesn't itself create a cause of action, *Moon v. Rhode*, 67 N.E.3d 220, 230 (Ill. 2016), but it need not, as long as the complaint states an underlying claim that Mr. Wadelton could have brought while he was still alive. *See Vincent v. Alden-Park Strathmoor, Inc.*, 948 N.E.2d 610, 614 (Ill. 2011). Illinois law has "no separate and independent tort of 'willful and wanton' misconduct." *Ziarko v. Soo Line R.R.*, 641 N.E.2d 402, 406 (Ill. 1994). Instead, it is treated "as an aggravated form of negligence." *Krywin v. Chi. Transit Auth.*, 938 N.E.2d 440, 452 (Ill. 2010).

---

[1] The facts remain unchanged from the last motion before the Court in this case. *See Wadelton v. Whiteside County*, No. 3:23-cv-50104, 2024 U.S. Dist. LEXIS 63744, at *1-2 (N.D. Ill. Apr. 8, 2024).

2

To state a claim of negligence involving willful and wanton conduct, a plaintiff must allege "that the defendant owed a duty to the plaintiff, that the defendant breached the duty, and that the breach was the proximate cause of the plaintiff's injury." *Id.* Defendants contend that the complaint fails to sufficiently allege the last element, specifically that there was no alleged injury that Mr. Wadelton sustained *before* his death.[2] Ms. Wadelton counters that common sense would dictate that Mr. Wadelton experienced pain and suffering as he strangled himself (which ultimately resulted in his death).

Defendants rely on *Ellig v. Delnor Community Hospital*, 603 N.E.2d 1203 (Ill. App. Ct. 1992), which emphasized the need for *conscious* pain and suffering before death to support a Survival Act claim. *Id.* at 1207.[3] But the requirement of consciousness is not a reason to dismiss the claim in this case—it can reasonably be inferred that Mr. Wadelton was conscious in hanging himself.

In their reply, Defendants zero in on the complaint's language that Mr. Wadelton's "survivors have incurred substantial pecuniary losses, including the loss of his society, companionship and support." Dkt. 46 at 15. Defendants are right that those enumerated harms didn't precede Mr. Wadelton's death (and thus couldn't support a

---

[2] Defendants' opening brief is unclear as to whether the proximate cause issue was intended as simply an extension of the injury argument or as an independent argument. Then, in their reply, Defendants focus only on the lack of injury. Because the issue of proximate cause is underdeveloped in the opening brief and absent from the reply brief, the Court construes Defendants' argument as only about the lack of injury. *See United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("We repeatedly have made clear that perfunctory and underdeveloped arguments . . . are waived . . . .").

[3] Defendants also cite *Saucedo v. City of Chicago*, No. 11 C 5868, 2015 U.S. Dist. LEXIS 75523, at *28-29 (N.D. Ill. June 11, 2015). The passage they specifically cite, which discusses proximate cause, also notes that the pain and suffering must be conscious. *Id.*

3

Survival Act claim), but that doesn't preclude inferring the existence of unenumerated, pre-death harms from the facts pleaded. "[F]ederal pleading standards do not 'demand that complaints contain all legal elements (or factors) plus facts corresponding to each.'" *Zimmerman v. Bornick*, 25 F.4th 491, 493 (7th Cir. 2022); *see also Brown v. Meisner*, 81 F.4th 706, 708 (7th Cir. 2023). Reasonable inferences drawn from the factual allegations will do.

The complaint's pleading of the Survival Act claim may leave a little to be desired, but it's sufficient to survive Defendants' challenge. Defendants' motion for judgment on the pleadings is denied.

Date: July 29, 2024

HON. IAIN D. JOHNSTON
*United States District Judge*